**Liji JIANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71457.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Cindy S. Ferrier, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM **

Li Ji Jiang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' denial of her motion to reconsider its December 31, 2003 decision affirming an Immigration Judge's decision finding her removable and denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

Jiang contends that the BIA abused its discretion by declining to reconsider its denial of her request for relief under the Convention Against Torture ("CAT"). In her opening brief, Jiang contends that she would be tortured if she returned to China based upon her use of smugglers to enter the United States, or the threat of retaliation by smugglers if her father failed to pay the debt allegedly owed to them. Jiang did not, however, assert in her motion to reconsider that she feared torture by smugglers, but rather asserted that she would be tortured if she returned to China because of her gender and her unwillingness to enter into an arranged marriage. Jiang therefore failed to exhaust her administrative remedies with regard to her claim under CAT and her appeal must be dismissed. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that exhaustion is mandatory and jurisdictional); *Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) ("The Act limits our review to the 'administrative record upon which the deportation order is based and the Attor-

ney General's findings of fact.' 8 U.S.C. § 1105a(a)(4).").

DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

